

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2005

# Go v. Dept Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2961

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Go v. Dept Homeland" (2005). *2005 Decisions.* Paper 1187.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1187

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2961

UNTARIO W. GO and LELIANA KARTIKA,
                                        Petitioners
v.

ALBERTO GONZALES, Attorney General;
IMMIGRATION AND NATURALIZATION SERVICE;
DEPARTMENT OF HOMELAND SECURITY; and
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,

ON PETITION FOR REVIEW FROM AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
(BIA Nos. A79-307-483 and A79-307-484)

Submitted Under Third Circuit L.A.R. 34.1(a)
May 4, 2005
Before:  McKee, VAN ANTWERPEN and WEIS, Circuit Judges.

Filed:  May 16, 2005

OPINION

WEIS, Circuit Judge.

        Petitioners are husband and wife; they are natives and citizens of Indonesia

who overstayed their non-immigrant visitor visas.  They are of Chinese ethnicity and the

1

Christian religion.

Petitioners applied for asylum, withholding of removal, relief under the Convention Against Torture and, in the alternative, for voluntary departure. Their request for asylum was untimely and is not before us. After a hearing, an IJ found that petitioners had failed to meet their burdens of proof for withholding of removal or for relief under the Convention, but granted their requests for voluntary departure. On June 28, 2004, the Board of Immigration Appeals affirmed.

The petitioners' testimony and affidavits detailed some discrimination against Chinese ethnics, including the requirement of carrying identification documents and limitations on education and governmental employment. Additionally, petitioners described vandilization of their home in 1989, and that female petitioner was accosted and threatened in 1992. In 1997 and again in 1998, petitioners were robbed. These incidents were attributed to their ethnic Chinese appearance. Petitioners testified that it was futile to go to the police because they were known to ask for money and to not act in response to reports.

Female petitioner conceded that the majority of her problems arose from her ethnicity, rather than religion, and that her family members, who remained in Indonesia, are practicing Christians.

The instances of what might be fairly described as "street crime," do not appear to have any governmental support, but were random instances of illegal conduct

2

by civilians personally biased or prejudiced against ethnic Chinese people. Bias, however, does not amount to persecution. As said in Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993), "'persecution' is an extreme concept that does not include every sort of treatment our society regards as offensive" and which ordinarily does not include discrimination on the basis of race or religion, as morally reprehensible as it may be. See also Mitev v. INS, 67 F.3d 1325, 1331 (7th Cir. 1995) ("unpleasant and even dangerous conditions do not necessarily rise to the level of persecution."); Fisher v. INS, 79 F.3d 955, 961 (9th Cir. 1996) (noting that persecution does not ordinarily include discrimination based on race or religion).

Relief under the Convention Against Torture requires a showing that the torture is instigated by or acquiesced in by public officials or those acting in an official capacity. 8 C.F.R. § 208.18; see also Lukwago v. Ashcroft, 329 F.3d 157, 183 (3d Cir. 2003). That demonstration has not been made here.

Accordingly, the petition for review will be denied.